UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GREGORY WELLS, ET AL                    CIVIL ACTION NO. 15-cv-2159

VERSUS                                  JUDGE FOOTE

CITY OF SHREVEPORT, ET AL               MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Gregory and Veronica Wells filed suit in state court against the City of Shreveport and Sheriff Steve Prator stemming from an alleged wrongful arrest. Ms. Wells alleged that a bench warrant was issued for her by the juvenile court, but a judge recalled the warrant in April 2013. A Shreveport police officer nonetheless came to her home and arrested her in September 2013, despite the pleas of Ms. Wells and her husband to call and check the validity of the warrant. Ms. Wells alleges that she was required to spend the weekend in jail before the matter was resolved. Plaintiffs indicated during discovery that they asserted both state and federal claims, which led to the removal of the case to this court.

The court set a scheduling conference, but it was canceled after Plaintiffs' counsel contacted the court and advised that he had a conflict and would need to withdraw from the case. Counsel later filed a Motion to Withdraw (Doc. 16) and represented that he had an unavoidable conflict of interest because a witness to this matter and counsel had become adverse litigants in a different lawsuit. Counsel represented that he had discussed the matter with Plaintiffs, and they had decided it would be in their best interest if his firm withdrew

from this case.  Plaintiffs' counsel provided a current address and telephone number for his clients.

The court issued an order (Doc. 20) that granted the request to withdraw.  The order strongly encouraged Plaintiffs to retain new counsel and granted them about six weeks to either (1) enroll new counsel to represent them or (2) file a written statement that they intend to represent themselves.  The order warned: "Failure to take one of those steps prior to January 20, 2016 may result in Plaintiffs' case being dismissed, without further notice, for failure to prosecute."  A copy of the order was mailed to Plaintiffs at the address provided by their former attorney.

The January 20, 2016 deadline has passed, but there has been no action of record by Plaintiffs or an attorney acting on their behalf.  The court provided ample time for Plaintiffs to secure new counsel or indicate their desire to proceed without counsel.  Plaintiffs have not taken even the simple step of alerting the court that they desire to proceed on their own.  It is unlikely that plaintiffs who are unwilling to take such a simple step are interested enough in their case to comply with the other more serious and burdensome requirements of litigation.  Attempting to proceed further with this action would be a waste of time and resources for the court and other parties.  Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of February, 2016.

_____
Mark L. Hornsby
U.S. Magistrate Judge